IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

                Criminal Action No. 05-224
                Civil Action No. 11-451
**v.**                 Electronically Filed

**DAVID AUSBURN**

## Memorandum Opinion on Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255

### I. Introduction

Currently pending before this Court is defendant/petitioner's (hereinafter "defendant") *pro se* Motion to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ((doc. no. 110), at Criminal No. 05-224). Defendant's Motion will be DENIED.

### II. Procedural History

On August 1, 2005, defendant was charged with a one count information of inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). Doc. No. 33. The factual record in this case reveals that defendant was a police officer, later promoted to the Chief of Police, with the West Homestead Police Department. After meeting the 14-year-old victim while on duty and in his capacity as a police officer, he pursued and continued a sexual relationship with the victim while representing himself to her parents as an advocate and role model for their young daughter.

After having previously moved to combine the waiver of indictment, guilty plea hearing and sentencing into one proceeding (Doc. No. 37), on March 31, 2006, defendant, along with his able counsel, appeared before this Court, waived his right to indictment, pled guilty, and was sentenced to the one count information. Doc. Nos. 59-60.

After having thoroughly explained defendant's trial rights, and the consequences of waiving those rights and pleading guilty to the one count information, the Court sentenced defendant to 144 months imprisonment, with three (3) years supervised release to follow. Doc. No. 60. On April 7, 2006, defendant filed a notice of appeal arguing *inter alia* that the sentence was unreasonable.

On September 10, 2007, defendant's judgment of sentence was initially vacated and remanded by the United States Court of Appeals for the Third Circuit on September 10, 2007, in order for this Court to provide a more thorough explanation of the reasons for its sentence. Doc. No. 86. Upon remand, on October 9, 2008, this Court held a resentencing hearing, and again sentenced defendant to 144 months imprisonment, and three (3) years supervised release. Doc. No. 101. Pursuant to the dictates of the United States Court of Appeals for the Third Circuit, this Court expounded upon its reasons for its sentence. Defendant again filed his notice of appeal of the amended judgment on December 23, 2008, and on March 17, 2010, this Court received the mandate from the Court of Appeals hereby affirming the sentence of this Court as reasonable. Doc. No. 108.

On April 4, 2011, defendant filed the instant *pro se* motion to vacate, correct or set aside the judgment. Doc. No. 110. On April 11, 2011, this Court provided defendant a notice under *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), and on April 25, 2011, defendant filed his

Notice of Statement of Intent. Doc. No. 116. Also, on May 24, 2011, the Government filed its response thereto. Doc. No. 117.

### III. Standard of Review

Title 28, United States Code, Section 2255 provides, in relevant part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the district court. *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). In exercising that discretion, "'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Lilly*, 536 F.3d at 195 (quoting *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Further, the court must order an evidentiary hearing to determine the facts "'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Lilly*, 536 F.3d at 195 (quoting *Forte*, 865 F.2d at 62); *see also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. "The court should view the factual allegations in the light most favorable to the petitioner." *United States v. Smith*, 101 F.Supp.2d 332, 341 (W.D. Pa 2000) (citing *Gov't of the Virgin Islands v. Weatherwax,* 20 F.3d 572, 574 (3d Cir. 1994)).

For petitioner to establish counsel was ineffective, he or she must show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *See Lewis v. Horn*, 581 F.3d 92, 106 (2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel's conduct presumptively "'falls within the wide range of reasonable professional assistance,'" and the defendant "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Horn*, 581 F.3d at 113 (quoting *Strickland*, 466 U.S. at 689). "On the other hand, the mere fact that counsel's challenged performance or tactic can be called strategic in the sense it was deliberate, does not answer the dispositive question of whether that decision or tactic fell within the wide range of reasonable professional assistance." *Smith*, 101 F. Supp. 2d at 341 (citing *Davidson v. United States*, 951 F.Supp. 555, 558 (W.D. Pa. 1996)). "Reasonable trial strategy must, by definition, be reasonable." *Smith*, 101 F. Supp. 2d at 341 (citation omitted).

Counsel's strategy must be judged by a standard of reasonableness based on the "prevailing norms of the legal profession." *Smith*, 101 F. Supp. 2d at 341 (citing *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (noting that *Strickland* standards for claims of ineffective assistance of counsel unchanged under Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214)). "Ineffective assistance of counsel will not be found simply because, with the assistance of hindsight, the reviewing court disagrees with counsel's strategy." *Smith*, 101 F. Supp. 2d at 342 (citing *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

In the context of a section 2255 petition for collateral relief, the Court of Appeals for the Third Circuit has offered the following guidance:

> "First, we must determine whether the district court considered as true all of appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required. That is, if a nonfrivolous claim does not conclusively fail either prong of the *Strickland* test, then a hearing must be held. Thus, the district court must employ the *Strickland* analysis at least once, and may have to employ it twice--first, as a threshold analysis of all claims on a limited record, and then again only on colorable claims after full factual development of those claims."

*United States v. Enrique Iglesias*, No. 04-647, 2010 WL 5256810, at *7 (E.D. Pa. Dec. 22, 2010) (quoting *United States v. Dawson,* 857 F.2d 923, 927-28 (3d Cir. 1988)).

In the context of a guilty plea, these principles are equally applicable. As the Court of Appeals for the Third Circuit summarized:

> In most cases, a defendant's claim of ineffective assistance of counsel involves counsel's performance during the course of a legal proceeding, either at trial or on appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). However, the principles apply equally to those defendants who have pled guilty. In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* two-part test for determining ineffective assistance of counsel in a case where the defendant challenged a guilty plea. Although the standard for deficient performance remains unchanged, in a guilty plea case the standard for prejudice "focuses on *whether counsel's constitutionally ineffective performance affected the outcome of the plea process*." *Id.* at 59; *see United States v. Nahodil*, 36 F.3d 323, 326-327 (3d Cir. 1994). . . . In order for a defendant . . . who challenges his guilty plea to satisfy the prejudice requirement, he must demonstrate that there is a "reasonable probability that, *but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial*." *Hill*, 474 U.S. at 59. "As with all applications of the *Strickland* test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case." *Flores-Ortega*, 528 U.S. at 485.

*Weeks v. Snyder,* 219 F.3d 245, 257 (3d Cir. 2000) (emphasis added; certain parallel and other citations omitted).

In the guilty plea context, as in any other ineffective assistance of counsel context, "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 694).

With these standards in mind, the Court concludes that, taking defendant's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective, that the outcome of the proceeding would have been different, or that there is a "reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

### IV. Discussion

In support of defendant's Motion to Vacate Sentence, he makes the following arguments. First, that defense counsel was ineffective in advising him not to accept the original plea agreement offered by the prosecution. Second, that defense counsel was ineffective in failing to request a recusal from this Court after the original sentence of 144 months imprisonment. Third, that defense counsel was ineffective in failing to argue that the statute used to charge defendant with this criminal activity was allegedly not applicable. Fourth, that defense counsel was ineffective in failing to object to "repeated references to the defendant as using his position as a police officer to gain access to the victim." Fifth, that defense counsel was ineffective in failing to object to the two level enhancement for use of a computer in the commission of the crime. Sixth, that defense counsel was ineffective in failing to object to "references and requests for details which were outside of the purview of the statute." Finally, seventh, that defense counsel

6

was ineffective because he did not "aggressively pursue a motion to withdraw federal charges against the defendant on grounds of dual prosecution." These arguments will be addressed seriatim.

### A. Defense Counsel Was Not Ineffective For Allegedly Advising Defendant Not To Accept A "Plea Deal."

In support of his first argument alleging ineffectiveness of defense counsel, defendant alleges that his defense counsel advised him not to accept a "plea deal" based upon the inapplicability of U.S.S.G Section 2A3.2. Doc. No. 110. To follow defendant's argument to its completion, he contends that *had* he signed the plea agreement that he *would have* received a sentence within the Guidelines range of 46 to 57 months. His argument misses the mark. With or without the benefit of a plea agreement, the Court had the discretion to sentence him above the guideline range and, in fact, the Court had the discretion to sentence him up to the statutory maximum of 180 months imprisonment. Defendant acknowledged his understanding of that fact at the waiver and guilty plea proceedings, under penalty of purgery pursuant to Rule 11. Indeed, the Court and defendant had the following exchange under oath at the waiver and guilty plea and sentencing proceeding:

> THE COURT: The maximum sentence I am authorized to impose under the law for the commission of this crime is a term of not more than fifteen years of imprisonment, a fine of not more than two hundred fifty thousand dollars, a term of supervised release of not more than three years, and a special assessment of one hundred dollars.
> Do you understand the potential sentence that the Court is authorized to impose?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that I am required to consider the Guidelines adopted by the United States Sentencing Commission before reaching an appropriate sentence, but that those Guidelines are advisory and not

>    binding on this Court?
>
>    THE DEFENDANT: Yes, sir.
>
>    THE COURT: Now, I would appreciate it if you would
>    pay attention to the next question in particular.
>    Do you understand that I'm not bound by any
>    recommendation of sentence you and/or the government may have
>    suggested to you, and the Court has discretion to sentence
>    you up to the maximum sentence permitted by the statute?
>
>    THE DEFENDANT: Yes, sir.

Furthermore, to the extent that defendant bases his allegations upon ineffectiveness of counsel, who allegedly advised him not to plead guilty pursuant to a plea agreement, his argument is without merit because defendant has failed to allege, much less prove, that the proceedings would have been different had he entered into a plea agreement with the prosecution. The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. 668, 694. Defendant, at most, can show that he would have pled guilty pursuant to a plea agreement. He has not and cannot demonstrate that a "plea deal," if accepted by the Court, would have had any effect on the outcome of the proceeding. Therefore, he has failed to demonstrate that he was prejudiced by counsel's alleged error.

### B. Defense Counsel Was Not Ineffective For Failure To Seek Recusal Of This Court.

In support of his second argument alleging ineffectiveness of defense counsel, defendant alleges that his counsel failed to request a recusal from the undersigned after the original sentencing hearing. Doc. No. 110. This Court sentenced defendant to 144 months imprisonment and three (3) years supervised release during both the original and the resentencing phase, a sentence above the guideline range of 57 to 71 months, but below the statutory maximum of 180

8

months. Doc. No. 101. Defendant contends that because his counsel "expressed . . . concern during the sentencing that there was something more he was unsure of that caused the judge to deviate from the sentencing guideline range," that his counsel should have moved to have this Court recused, and the failure of his counsel to do so amounts to ineffective assistance of counsel. Doc. No. 110. Defendant's argument lacks merit.

When claims of judicial bias or prejudice are raised, a recusal motion "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice towards defendants." 28 U.S.C. Section 144; *See also United States v. Rosenberg,* 806 F.2d 1169, 1173 (3d Cir. 1986). In order for a judge to be recused, on the basis of personal bias, a petitioner must show that the alleged bias is from an extrajudicial source. *See Liteky v. United States,* 510 U.S. 540, 555 (1994); *United States v. Garfield,* 987 F.2d 1424, 1427 (9th Cir. 1993).

The United States Supreme Court held in *Liteky* that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and that opinions formed by a judge based on facts throughout the proceeding do not constitute a basis for recusal unless the judge has "a deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. at 555. Defendant has made no showing that there was any bias by this Court, or any good faith belief on the part of his defense counsel that bias existed. Without this showing, there cannot have been deficient performance on the part of defense counsel in failing to raise a meritless argument.

Defendant's claim of ineffectiveness on failing to move for recusal rests on the comments made by counsel at the original sentencing hearing. Doc. No. 110. His defense counsel stated,

in reaction to the sentence, "that he could 'only be afraid that it had something to do with something' he was unaware of." Doc. No. 110. Defense counsel's statement of disagreement or confusion regarding the sentence handed down by this Court does not even come close to meaning or implying that bias existed, and indeed, no bias existed (or exists).

Therefore, the Court concludes that, taking petitioner's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective, or that he was prejudiced by counsel's alleged error. Finally, this Court notes that, to date, defendant has not moved to have this Court recused, which further illustrates that his claim lacks merit.

### C. Defense Counsel Was Not Ineffective For Failing To Argue That 18 U.S.C. Section 2422(b) Did Not Apply To Defendant.

In support of his third argument alleging ineffectiveness of defense counsel, defendant alleges that his counsel failed to argue that the charging statute, 18 U.S.C. § 2422(b), did not apply to him. Doc. No. 110. Defendant asserts that he did not use the computer in the manner described in section 2422(b) and therefore should not have been charged under that statute, and his defense counsel was ineffective in failing to advance that argument. Doc. No. 110. Section 2422(b) states in relevant part:

> **(b)** Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Defendant contends that all communication via e-mail pertained only to his past sexual encounters with the victim. Doc. No. 110. He further contends that he did not use e-mail to entice the victim, but that the e-mails are actually evidence of the victim pursuing him

10

romantically and that his counsel failed to assert that argument. Doc. No. 110.

First and foremost, defendant pled guilty and admitted to the offense, and therefore admitted that he used the computer as a form of communication. *See United States v. Ausburn,* 502 F.3d 313 (3d Cir. 2007). The statute is aimed at the use of "a facility or means of interstate commerce," in this case a computer connected to the internet. *See United States v. Tykarsky,* 446 F.3d 458, 464 (3d Cir. 2006). Defendant does not deny, in fact he pled guilty to, using a computer as a means of communication between the child victim and himself, thereby satisfying the statute, section 2422(b). The Presentence Investigation Report compiled even notes that during an interview, conducted by agents, defendant admitted using e-mail "to communicate with the victim, encourage the continuation of their relationship, and to maintain its secrecy." Presentencing Investigation Report (hereinafter "PSR") ¶9. Defendant cannot now successfully argue that his defense counsel performed deficiently, or that his performance prejudiced defendant since he pled guilty, and admitted to the applicability of the statute to his conduct. (Doc. No. 74, *See* Guilty Plea transcript P.15-22) (where the Government set forth the evidence to the Court of the victim and defendant's interviews, details about the e-mails discovered, and nature of their relationship).

Defendant's companion contention that his defense counsel was ineffective in failing to make the argument that the e-mails actually illustrated that the child victim pursued the defendant, is equally flawed. In *United States v. Dye,* a factually similar case, the United States Court of Appeals for the Third Circuit found enough evidence to support the requirements of section 2422(b) and in reply to defendant's argument that the child victim was "hot to trot" stated that the defense was "especially troubling because its underlying premise is that it is possible for a 14-year-old child to seduce a 36-year-old man, absolving the man of criminal liability for

engaging in, or attempting to talk the minor into engaging in, illicit sexual activity." *United States v. Dye*, 2010 WL 4146187, at *3 n.3 (3d Cir. 2010). In the present case, defendant was 30 years of age and the child victim was 14 years of age. Defense counsel's decision not to pursue a "hot to trot" defense was neither unreasonable nor did it amount to deficient performance, because defense counsel cannot be deemed ineffective for failing to pursue a meritless argument. *United States v. Sanders*, 165 F.3d 248, 251 (3d Cir. 1999); *United States v. Hidalgo*, 262 F. App'x 453, 455 (3d Cir. 2008).

The Court concludes that, taking defendant's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective in arguing that section 2422(b) did not apply when defendant admitted to the sexual relationship, and to having used a computer to further communications between himself and his victim. *Ausburn,* 502 F.3d 313. Further, defendant cannot demonstrate that counsel performed deficiently in choosing not to pursue the "hot to trot" defense pushing blame on the child-victim. Therefore, defendant's claim is without merit.

### D. Defense Counsel Was Not Ineffective For Failing To Object To References Of Defendant's Position As A Police Officer.

Defendant's fourth claim is that his counsel was ineffective for failing to object to references of defendant "using his position as a police officer to gain access to the victim." Doc. No. 110. In support of his fourth argument, defendant contends that he did not use his position as a police officer to gain access to the victim, but only had met the victim while performing his duties. Doc. No. 110. Defendant's position is that his contact with the victim "was gained by means available to any law abiding citizen," and that no evidence to the contrary was submitted and his defense counsel should have objected to any references made alleging otherwise. Doc. No. 110. Defendant's claim, however, is unsupported by the record.

Defendant admitted that he met the victim in his official capacity as a police officer. Doc. No. 110. The record shows that because of defendant's role as a police officer, he was granted repeated access to the victim. Because the victim's parents were unaware of the true nature of the relationship, they permitted and fostered it. PSR ¶12. Trusting and believing in the defendant, in his role as a police officer, the victim's parents welcomed the defendant into their lives in attempts to help their vulnerable child. PSR ¶12. The victim's parents not only permitted defendant to come into their home, but they also allowed defendant to drive their daughter to youth group functions and visit her at school. PSR ¶¶10, 12. Defendant, as a police officer, represented himself as an advocate of the victim's and defendant engaged in discussions with not only the victim's parents, but also her teachers. PSR ¶¶10, 12. When the victim was confined in a juvenile treatment center, defendant approached the victim's parents, in his police uniform, and asked for permission to visit the victim. PSR ¶12. The victim's parents did not question or suspect defendant of any wrong doing because of the representations he had made as an advocate and police officer who genuinely cared for their daughter's well-being. PSR ¶12.

While representing himself as a caring and considerate police officer attempting to help the victim (to the victim's parents and teachers), defendant admitted to engaging in vaginal and oral sex with the victim at various locations, including in his unmarked police vehicle and his residence, (PSR ¶¶6, 8, 32); *See* Doc. No. 74 (Hearing transcript pages 19-21). Defendant used his police e-mail account, Dutchwhpd@policeone.com, while communicating with the victim and accessed and read many e-mails while working at the West Homestead Police Department. PSR ¶¶6, 8, 9. The discovery of the relationship and of the e-mail communications even occurred at the West Homestead Police Department. PSR ¶7.

13

The United States Court of Appeals for the Third Circuit made the following statements regarding the nature of defendant's conduct:

> The offense arose out of a relationship that [defendant] developed with a 14-year old girl and her family arising from his interaction with the family in his capacity as a detective and later as a police chief of the West Homestead, Pennsylvania, police department. In those positions [defendant] ostensibly acted 'as a role model and positive influence' in the life of the 14-year old girl.

*Ausburn,* 362 F. App'x at 260 (quoting *Ausburn,* 502 F.3d at 316).

The Court of Appeals for the Third Circuit later noted, in affirming this Court's resentencing of defendant, that "[he] used his position of respect and authority within the community to insulate himself with the victim and her family ostensibly to befriend the victim while at the same time using the relationship to satisfy his illicit desires and thereby wound the victim and her family grievously." *Id.* at 262.

As this Court found, and the United States Court of Appeals for the Third Circuit also reiterated, defendant's role as a police officer in committing the offense was clearly relevant to the case, and defense counsel did not perform deficiently in not objecting to those references. The Court concludes that, taking petitioner's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective, or that he was prejudiced.

### E. Defense Counsel Was Not Ineffective For Failing To Object To The Application Of U.S.S.G. Section 2A3.2(b)(3).

In support of his fifth argument alleging ineffectiveness of defense counsel, defendant alleges that his counsel "did not object to the additional two level enhancement for the use of a computer in the commission of the crime . . . ." Doc. No. 110. Defendant contends that his counsel should have objected to this application of U.S.S.G. § 2A3.2(b)(3). Doc. No. 110. According to the Sentencing Guidelines, a two point enhancement is applicable, where, as here,

a computer was used to persuade, induce, entice, or coerce the minor to engage in the prohibited sexual conduct. *See* U.S.S.G. §2A3.2(b)(3).

Defendant contends that because the offense, with which he was charged, included the use of a computer in the commission of the offense, that the addition of the two points "unfairly penalized [him] for a factor that was already taken into account," and that his counsel should have objected to the two point enhancement. Doc. No. 110.

The underlying argument was already addressed and ruled upon by the Court of Appeals for the Third Circuit. In *United States v. Garcia,* 225 F.App'x. 47, 50 (3d Cir. 2007), the Court of Appeals for the Third Circuit noted that section 2422(b) "broadly involves, as germane here, the use of 'any facility or means of interstate or foreign commerce' for the statutorily interdicted purposes," whereas section 2A3.2(b)(3) applies specifically "to the use of computers and Internet-access devices." The Court of Appeals for the Third Circuit held:

> Clearly, there was no "double dipping" here as the guideline specifically addresses particular types of instrumentalities required a sentencing level enhancement only in a subset of section 2422(b) cases. Accordingly, we are not confronted with a situation in which the base offense level for a crime is predicated on the same set of factors in the guideline used for the contested enhancement of the sentencing level. Consequently, the application of guidelines section 2A3.2(b)(3) when a computer is used in a section 2422(b) offense does not mean that there will be an enhancement in every case that comes within the base guidelines level, U.S.S.G. §2A3.2(a)(1), for section 2422(b) offenses.

*Id.* at 50-51.

Applying the rulings of *Garcia* to the present case, defense counsel did not have a valid legal basis upon which to object to the application of the two point enhancement under section 2A3.2(b)(3). Therefore, defendant's argument is without merit because counsel cannot be deemed as ineffective for failing to raise a meritless defense. *Sanders,* 165 F. 3d at 251; *Hidalgo,* 262 F. App'x at 455. The Court concludes that, taking petitioner's nonfrivolous

15

allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective or that he was prejudiced in failing to advance an objection that was meritless.

### F. Defense Counsel Was Not Ineffective For Failing To Object To Details Of Defendant's Contact With The Victim.

In support of his sixth argument alleging ineffectiveness of defense counsel, defendant alleges that his defense counsel was ineffective in failing to object to details of his contact with the victim. Doc. No. 110. Defendant contends that the specific details of the sexual activity between the defendant and victim were outside the purview of the statute which the defendant was charged and defense counsel, therefore, should have objected to those details. Doc. No. 110.

On the contrary, the Sentencing Guidelines mandate the Court to consider all relevant conduct of defendant in arriving at an appropriate sentence. *See* U.S.S.G. §1B1.3(a)(1), (a)(3). The guidelines allow "all acts . . . committed . . . counseled, commanded, induced, procured or willfully caused by the defendant . . . that occurred during the commission of . . . [or] in preparation for that offense . . . and all harm that was the object of such acts and omissions." *Id.* A defendant need not be convicted of the prior conduct before it be considered for sentencing and the conduct only must be shown by a preponderance of the evidence. *United States v. Pollard,* 986 F.2d 44, 47 (3d Cir. 1993). In addition, 18 U.S.C. §3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Defense counsel did not have proper authority to make an objection on this basis and he cannot be deemed ineffective in failing to do so. The Court concludes that, taking petitioner's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable

16

probability that counsel was ineffective or that he was prejudiced.

      **G.  <u>Defense Counsel Was Not Ineffective For Failing To "Aggressively" Pursue A Motion To Withdraw Federal Charges On Grounds Of Dual Prosecution.</u>**

In support of his seventh (and final) claim alleging ineffectiveness of defense counsel, defendant argues that his counsel failed to "aggressively pursue a motion to withdraw federal charges against the defendant on the grounds of dual prosecution . . . ." Doc. No. 110. Defendant argues that because the Commonwealth of Pennsylvania brought charges against defendant for the same conduct, this constitutes dual prosecution or double jeopardy. Doc. No. 110. Defendant's argument is unconvincing because the law is well-established that both state and federal prosecutions are permissible and constitutional on acts which otherwise constitute dual prosecution or double jeopardy. *See Bartkus v. Illinois,* 359 U.S. 121, 128-29 (1959); *Heath v. Alabama,* 474 U.S. 82, 88-89 (1985).

Defense counsel cannot be found to have performed deficiently as he relied on the Petite Policy and made a request to the United States Attorney requesting that it forebear on prosecution of defendant and permit the state prosecution. Doc. No. 110. The Petite Policy applies when there is a state prosecution for substantially the same act and the time Federal charges are brought requiring approval by the Assistant Attorney General showing a compelling Federal interest in having the additional prosecution. *Petite v. United States,* 361 U.S. 529 (1960). Defense counsel complied with the Petite Policy in requesting the forbearance but the decision to prosecute the case may only be made by the Office of the United States Attorney.

Defense counsel complied with the Petite Policy in seeking a forbearance. Accordingly, the Court concludes that, taking petitioner's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective, or that he was prejudiced in this regard.

## V. Conclusion

For the foregoing reasons, defendant's Motion to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. no. 110) will be denied. A Certificate of Appealability will be DENIED. An appropriate Order will follow.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Court Judge

cc:   All counsel of record

David Ausburn
08735-068
PO Box 879
Ayer, MA 01432
PRO SE PETITIONER/DEFENDANT